UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHNATHAN M. MAJORS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v | ) No.: 1:19-CV-197-TAV-CHS |
| | ) |
| COFFEE COUNTY, | ) |
| BRANDON THOMAS, | ) |
| LISA SWALLOWS, and | ) |
| AMANDA PETERS, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

This is a pro se prisoner's complaint for violation of civil rights filed pursuant to 42 U.S.C. § 1983. Now before the Court is Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, this motion [*Id.*] will be **GRANTED** and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.[1]

**I.    FILING FEE**

It appears from the motion for leave to proceed *in forma pauperis* [Doc. 1] that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to

---

[1] On July 11, 2019, the United States Postal Service returned the Clerk's mail to Plaintiff containing a notice regarding the requirement that Plaintiff update the Court and parties of any address changes as undeliverable with a notation indicating that Plaintiff has been released [Doc. 4]. Further, the Tennessee Department of Correction's felony offender database, https://apps.tn.gov/foil/, lists Plaintiff's supervision status as "probation." Accordingly, the Clerk will be **DIRECTED** to update Plaintiff's address on the Court's docket to the permanent address Plaintiff listed in his complaint [Doc. 2 p. 3] and to send this memorandum opinion and the accompanying order to that address.

28 U.S.C. § 1915, this motion [*Id.*] will be **GRANTED**. As it appears that Plaintiff has been released from the Coffee County Jail [Doc. 4] and is not in the custody of the Tennessee Department of Correction, however, he will not be assessed with the filing fee.

## II. SCREENING STANDARD

Under the Prison Litigation Reform Act, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and

conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Polk County v. Dodson*, 454 U.S. 312, 315 (1981).

### III. COMPLAINT ALLEGATIONS

In his complaint, Plaintiff states that his name is in blue on a criminal case, while the names of Defendants Thomas, Swallows, and Peters, are in black [Doc. 2 p. 3]. Plaintiff further alleges that the discovery in the criminal methamphetamine case contained no evidence as to his involvement and mentions his name only twice [Doc. 2 p. 3–4]. Plaintiff also states that although investigators took him to the scene of the crime, found no evidence against him, and cleared him, he was indicted sixty days after Defendant Thomas appeared in court [*Id.* at 4].

Plaintiffs served six months before he bonded out, but then missed a court date and was charged with failure to appear and other charges [*Id.*]. Even though Plaintiff notified the arresting officer that he was a homeless junkie who needed help and had no place to go, however, they released him again [*Id.* at 4–5]. Plaintiff violated his bond, at which point he was again confined and learned that his criminal case was never set for trial despite him sending requests for trial to his attorney [*Id.* at 5].

Plaintiff was told that if he did not plead guilty to the charge(s) against him for manufacturing methamphetamine, he would be in jail for two more years and found guilty of the other charges against him related to his bond violations [*Id.*]. Plaintiff signed his guilty plea due to his mental anguish from incarceration even though discovery establishes that he was not listed as a criminal defendant whose charges were presented to a grand jury [*Id.*]. Also, Plaintiff is a schizophrenic who must take medication "to be in [the] right state of mind," but Plaintiff stated that he was not on medications when he entered his guilty plea, which Plaintiff states is how the case can be appealed [*Id.*]. Also, the criminal charges against Defendant Thomas were dropped despite significant evidence against him [*Id.*]. Plaintiff states that he may have claims for malicious prosecution and mental anguish [*Id.*].

## IV. ANALYSIS

First, it is apparent that Plaintiff's claims arise out of underlying state criminal charges involving methamphetamine against him to which he pled guilty. In *Heck v. Humphrey*, 512 U.S. 477 (1994), however, the Supreme Court held that an action for damages for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a state conviction or sentence invalid" cannot be maintained unless the prisoner can show that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. In other words, "§ 1983 damages actions that necessarily

require the plaintiff to prove the unlawfulness of his conviction or confinement" are not considered "appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id*. at 486.

Further, nothing in the complaint allows the Court to plausibly infer that Defendants Thomas, Swallows, or Peters were state actors in the incident underlying Plaintiff's complaint as required for them to be subject to liability under § 1983. 42 U.S.C. § 1983; *Polk County v. Dodson*, 454 U.S. 312, 315 (1981). Also, Plaintiff has set forth no facts from which the Court can plausibly infer that a policy or custom of Defendant Coffee County caused any violation of Plaintiff's constitutional rights as required for this municipality to be liable under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that a governmental entity may be liable under § 1983 only where its official policy causes a constitutional rights violation).

## V. CONCLUSION

For the reasons set forth above:

1. The Clerk will be **DIRECTED** to update Plaintiff's address on the Court's docket to the permanent address Plaintiff listed in his complaint [Doc. 2 p. 3] and to send this memorandum opinion and the accompanying order to that address;

2. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] will be **GRANTED**;

3. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as to any Defendant. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); and

4. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE